# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SIDNEY J.D. LESLIE, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-19-821-R |
| UNKNOWN OWNERS OF GEO/LCF, et al., | ) |
| Defendant. | ) |

## ORDER

Plaintiff Sidney J.D. Leslie, appearing *pro so* and *in forma pauperis*, filed this action seeking relief pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b)(1)(B) and (C), the matter was referred to United States Magistrate Judge Shon T. Erwin for preliminary review. On October 8, 2019, Judge Erwin issued his Report and Recommendation. Doc. No. 11. Therein Judge Erwin recommends that the matter be dismissed upon screening pursuant to 28 U.S.C. § 1915A(a) and (b). The matter is currently before the Court on Petitioner's timely objection, Doc. No. 12, which gives rise to the Court's obligation to undertake a *de novo* review of those portions of the Report and Recommendation to which Petitioner makes specific objection. Cognizant of its obligation and granting Plaintiff's filing the liberal construction mandated by *Haines v. Kerner*, 404 U.S. 519 (1972), the Court enters judgment in favor of the Defendants.

Plaintiff alleges that, because legal documents vanished or were lost while making their way through the prison's mail delivery system, Defendants are liable for violation of Plaintiff's First Amendment rights of free speech and access to courts, as well as his Fourteenth Amendment rights of due process and access to courts. For these alleged

1

violations, Plaintiff sued the unknown owners of GEO Group, Inc., (GEO) a private entity that owns Lawton Correctional Facility (LCF), where Plaintiff is currently incarcerated. He also sued LCF Warden R.C. Smith and Oklahoma Department of Corrections Director Mark Knutson in their individual and official capacities. Plaintiff seeks monetary, injunctive, and declaratory relief, in addition to nominal, and punitive damages.

Judge Erwin construes Plaintiff's claims as against LCF, GEO, their unknown owners, Warden Smith, and Director Knutson. He first recommends that Plaintiff's claims against LCF be dismissed because LCF is a prison facility with no separate legal identity from GEO. As to GEO and the unknown owners, Judge Erwin recommends dismissal because Plaintiff has failed to state a claim upon which relief may be granted. Judge Erwin further recommends that the official capacity claims against Defendant Smith should be dismissed because Smith is a Warden for a private prison and thus has no official capacity under § 1983. As to the official capacity claims against Defendant Knutson, Judge Erwin recommends dismissal because any suit against Knutson as a state official in his official capacity is a suit against the state, and the State of Oklahoma has not waived its immunity from suit. Finally, Judge Erwin recommends that the individual capacity claims against Defendants Smith and Knutson be dismissed for failure to state a claim upon which relief may be granted.

As a preliminary issue, it appears that Plaintiff has exhausted his available administrative remedies. In his Report, Judge Erwin did not address the issue because he was unable to determine whether Plaintiff had in fact exhausted his administrative remedies. But in his Complaint, Plaintiff attached proof of his exhaustion. In his first

exhibit, Plaintiff provides the Court with his inmate grievance petitions and proof of LCF's denial. *See* Doc. No. 1, Ex. 1. The Court is satisfied with Plaintiff's showing. Thus, his action is not barred for failure to exhaust his available administration remedies.

Before recording his objections, Plaintiff asserts that he never intended to sue LCF and GEO as entities, but only the individual owners of LCF and GEO. Upon review, it appears that Plaintiff is correct; his Complaint identifies the owners of LCF and GEO as defendants, not the entities themselves. *See* Doc. No. 12, pp. 1, 5. Accordingly, the Court declines to adopt Judge Erwin's Report and Recommendation as it relates to any claims construed against LCF and GEO as entities.

In his first objection, Plaintiff asserts that Judge Erwin fails to include all the relevant facts from the Complaint in the background section of his Report and Recommendation. Doc. No. 12, p. 3. This is not an appropriate basis for objection. In any event, the Court is required to review Plaintiff's action *de novo* and has access to Plaintiff's Complaint from which to evaluate whether a proper claim has been stated.

In his second objection, Plaintiff argues that the standard of review described in the Report and Recommendation was misapplied because Judge Erwin misconstrued his claims as being only against LCF, and that the Judge inserted a claim challenging the efficacy of the grievance process that Plaintiff did not intend to plead. Doc. No. 12, pp. 3–4. First, the Report and Recommendation does not construe Plaintiff's claims as only against LCF. However, as noted previously, the Court will not adopt the Report's determination of claims allegedly asserted against LCF because LCF is not a Defendant in this case. Second, as it appears that Plaintiff never intended to plead a claim challenging

the efficacy of the grievance process, the Court declines to adopt that portion of the Report and Recommendation.

Plaintiff further argues that in addition to the Report's background section mentioned in his first objection, the rest of the Report and Recommendation fails to include relevant facts from the Complaint and is therefore deficient. Doc. No. 12, pp. 4–5. Again, this is not an appropriate basis for objection. To the extent the allegation is true, the Court reviews Plaintiff's claims *de novo*.

In his third objection, Plaintiff again objects to the Report's determination of claims against LCF and GEO as entities. Doc. No. 12, pp. 5–6. This issue has been dealt with above; the Court need not address it here.

Plaintiff further argues that Judge Erwin's recommendation that the claims against the unknown owners of LCF and GEO should be dismissed for failure to state a claim is unfounded. Doc. No. 12, p. 6. In the Report, Judge Erwin recommends that Plaintiff's claim against the owners under § 1983 should be dismissed because Plaintiff did not make factual allegations demonstrating an official policy or custom that was enacted or maintained with deliberate indifference to an almost inevitable violation of federal rights. Doc. No. 11, p. 5 (citing *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 7769–71 (10th Cir 2013)). In objecting, Plaintiff describes the custom for handling prison mail and asserts that a proper claim has been stated because this custom leads to the loss of mail, hindering and obstructing a prisoner's access to the courts. But Plaintiff did not identify this custom in his Complaint.

What's more, the standard applied by Judge Erwin in his Report and argued by

4

Plaintiff in objection is relevant only if Plaintiff's claim were against LCF and GEO as entities. *See Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1215–17 (10th Cir.2003) (holding that a private entity can be held liable under § 1983 for municipal liability only if it had a policy that was the direct cause or moving force behind the constitutional violations); *see also Smedley v. Corrections Corporation of America*, 175 F. App'x 943, 946 (10th Cir. Dec. 20, 2005) (unpublished) ("[I]n order to hold [Corrections Corporation of America, the owner of private prisons] liable for the alleged tortious acts of its agents, [the inmate plaintiff] must show that [the company] directly caused the constitutional violation by instituting an official municipal policy of some nature, that was the direct cause or moving force behind the constitutional violation[s]" (citations and internal quotation marks omitted)). Plaintiff has made it clear in his objection that he never intended to sue LCF or GEO as an entity. *See* Doc. No. 12, p. 5. Therefore, this standard does not apply here.

Since Plaintiff's § 1983 claim is instead against individual Defendants—here, the individual owners of LCF and GEO, Warden Smith, and Director Knutson—he needed to plead facts concerning the individual Defendants' personal involvement in violating the constitution, causation, and state of mind. *See Schneider*, 717 F.3d at 767–769. Plaintiff has failed to plead any of these elements. His claim is therefore subject to dismissal.

In his fourth objection, Plaintiff repeats objections already made. In his fifth objection, Plaintiff objects to a portion of Judge Erwin's recommendation concerning the official capacity claims against Defendants Smith and Knutson. First, Judge Erwin recommends that the official capacity claims against Defendant Smith be dismissed as improperly raised. Defendant Smith cannot be sued in his official capacity because he has

5

no official capacity under § 1983—he is a Warden for a private prison, not a state actor. *See Jones v. Barry*, 33 F. App'x 967, 971 n.5 (10th Cir. 2012). Plaintiff does not object to this recommendation and the Court agrees, the claims against Defendant Warden in his official capacity were improperly raised and are subject to dismissal. Plaintiff then concedes that Defendant Knutson, as a state employee, cannot be sued in his official capacity for monetary damages because the State of Oklahoma has not waived its Eleventh Amendment immunity. Plaintiff does, however, object to Judge Erwin's recommendation that the Court dismiss Plaintiff's official capacity claims for injunctive and declaratory relief against Defendant Knutson for failure to state a claim upon which relief may be granted. He contends that Judge Erwin provides no explanation for this recommendation of dismissal. Plaintiff is incorrect. Judge Erwin discusses at length Plaintiff's failure to state a claim. *See* Doc. No. 11, pp. 8–10.

Ultimately, the Court adopts Judge Erwin's recommendation to dismiss Plaintiff's claims against Defendants Smith and Knutson for declaratory judgment and injunctive relief, in addition to Plaintiff's claims against the two in their individual capacities, for failure to state a claim. In doing so, the Court must clarify the appropriate standard used to evaluate Plaintiff's claims. Judge Erwin asserts that to state a claim for liability against the individual Defendants, a plaintiff must demonstrate "that any defendant: (1) promulgated, created, implemented, or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *See* Doc. 11, p. 8 (citing *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010)). The Tenth Circuit has made clear

that in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) the Supreme Court "articulated a stricter liability standard for th[e] first element of personal involvement." *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 768 (10th Cir. 2013). Accordingly, to satisfy the first element, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* (citing *Iqbal*, 556 U.S. at 676). Plaintiff has not pleaded any facts relating to any of the Defendants' individual actions. Nor has he pleaded facts relating to causation or the Defendants' state of mind. Therefore, in accordance with Judge Erwin's ultimate recommendation, Plaintiff's claims against Defendants Smith and Knutson for injunctive and declaratory relief, along with Plaintiff's individual capacity claims against those Defendants, must be dismissed for failure to state a claim.

Finally, in his sixth, seventh, and eighth objections, Plaintiff repeats objections already made and addressed above. The Court need not address these objections twice.

The Court has conducted its *de novo* review of the Report and Recommendation and Plaintiff's objection thereto. Having done so, Judge Erwin's Report and Recommendation is adopted to the extent it is consistent with this order. Plaintiff's claims against the owners of LCF and GEO, Warden Smith, and Director Knutson are dismissed. Judgment shall be entered in favor of the Defendants.

**IT IS SO ORDERED** this 3rd day of December 2019.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE